IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. CLEMENS, | ) | |
| | ) | Civil Action No. 11 – 1482 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lenihan |
| | ) | |
| MR. LOCKETT, *et al.*, | ) | |
| | ) | ECF No. 33 |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Dismiss filed by the Defendants. For the reasons set forth below, the motion will be denied.

James E. Clemens ("Plaintiff") is a Pennsylvania state inmate who was incarcerated at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh") during the relevant times the alleged violations in this action occurred.  He initiated this action on November 21, 2011, by submitting a prisoner civil rights complaint (ECF No. 3) pursuant to the Civil Rights Act of 1871, later amended and codified as 42 U.S.C. § 1983.  With leave of Court, Plaintiff filed an amended complaint on April 9, 2012 (ECF No. 27).  Plaintiff names as Defendants Jeffrey A. Beard (former Secretary of the Pennsylvania Department of Corrections); Melvin Lockett (former Superintendent of SCI-Pittsburgh); CO Robert Roche; CO Shawn Lacich; CO Kevin Friess; and CO Frank Bayer.[1]  He alleges numerous constitutional and other violations in connection with his confinement at SCI-Pittsburgh from November, 2009 to February, 2010. Defendants have filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 33) along with a brief in support thereof (ECF No. 32), and

---

[1]   Plaintiff incorrectly identifies this Defendant as CO Bear.

Plaintiff has filed two responses in opposition (ECF Nos. 34, 40).  Defendants' motion is now ripe for review.

**A.  Legal Standards**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (May 18, 2009) (citing Twombly, 550 U.S. at 555-57).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citing Twombly, 550 U.S. at 556-57).

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in Phillips v. County of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008) (construing Twombly in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of Twombly and Iqbal as follows:

> After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.  To prevent

> dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See* Id. at 1949-50; *see also* Twombly, 505 U.S. at 555, & n. 3.

Fowler, 578 F.3d at 210.

Thereafter, in light of Iqbal, the United States Court of Appeals for the Third Circuit in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See* Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)). A court may also consider

3

indisputably authentic documents.  Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Golden v. Cook, 293 F. Supp.2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and publically available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'") (citations omitted).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name."  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).  *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688).  Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.  *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### B. Discussion

Defendants move to dismiss Plaintiff's amended complaint on the basis that he has failed to exhaust his administrative remedies with respect to any of his claims as required by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  In this regard,

through the PLRA, Congress amended 42 U.S.C. § 1997e(a) to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides, in pertinent part, as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is required under this provision regardless of the type of relief sought and the type of relief available through administrative procedures. *See* Booth v. Churner, 532 U.S. 731, 741 (2001). In addition, the exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence, including those that involve general circumstances as well as particular episodes. *See* Porter v. Nussle, 524 U.S. 516, 532 (2002). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies prior to filing the action. *See* Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").

The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjunctive system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seek[] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 93 (quoting Porter, 534 U.S. at 525). Importantly, the exhaustion

requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83; *see also* Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal courts. *See*, *e.g.*, Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008); Jetter v. Beard, 183 F. App'x 178 (3d Cir. 2006).

This broad rule favoring full exhaustion admits of one, narrowly defined exception. If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. *See* Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000) (Section 1997e(a) only requires that prisoners exhaust such administrative remedies "as are available"). However, case law recognizes a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will only be excused "under certain limited circumstances," Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." Davis, 49 F. App'x at 368; *see also* Brown v. Croak, 312 F.3d 109, 110 (3d Cir. 2002) (assuming that prisoner with failure to protect claim is entitled to rely on instruction by prison officials to wait for outcome of internal security investigation before filing grievance); Camp, 219 F.3d at 281 (exhaustion requirement met where Office of Professional Responsibility fully examined merits of excessive force claim and correctional officers impeded filing of grievance).

In the absence of competent proof that an inmate was misled by corrections officials, or some other extraordinary circumstances, inmate requests to excuse a failure to exhaust are frequently rebuffed by the courts. Thus, an inmate cannot excuse a failure to timely comply with these grievance procedures by simply claiming that his efforts constituted "substantial compliance" with this statutory exhaustion requirement. Harris, 149 F. App'x at 59. Nor can an inmate avoid this exhaustion requirement by merely alleging that the Department of Corrections policies were not clearly explained to him. Davis, 49 F. App'x at 368. Thus, an inmate's confusion regarding these grievances procedures does not, standing alone, excuse a failure to exhaust. Casey v. Smith, 71 F. App'x 916 (3d Cir. 2003). Moreover, an inmate cannot cite to alleged staff impediments to grieving a matter as grounds for excusing a failure to exhaust, if it also appears that the prisoner did not pursue a proper grievance once those impediments were removed. Oliver v. Moore, 145 F. App'x 731 (3d Cir. 2005) (failure to exhaust not excused if, after staff allegedly ceased efforts to impede grievance, prisoner failed to follow through on grievance).

Defendants have submitted the Declaration of Tracy Williams from the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). (ECF No. 33-1.) Williams states that Plaintiff has filed a total of thirteen grievances, none of which have been exhausted through all three levels of the prison's grievance system. (Id. at ¶ 9.) Specifically, twelve of the grievances were not appealed to SOIGA for final review, and although Plaintiff sent a letter to SOIGA regarding the thirteenth grievance, it was returned to him with a "without action" letter informing him that he had failed to appeal the initial review decision to the Superintendent and he could not appeal to SOIGA until he had done so. (Id.)

Throughout his amended complaint, Plaintiff alleges his administrative remedies were unavailable. He alleges that he tried to resolve his issues through the prison grievance system but that he never received responses to his grievances, appeals, and letters to staff members inquiring into the status of grievances and appeals he had filed. He claims that he was unable to comply with the mandatory exhaustion requirement because, among other reasons, his grievances and appeals were not delivered, inappropriately disposed of by prison officials, or not processed.

The exhaustion requirement is an affirmative defense to be pleaded by the Defendant. A prisoner/plaintiff need not plead and prove compliance with the exhaustion requirement in his complaint. Jones v. Bock, 549 U.S. 199, 216 (2007); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). As the Third Circuit Court of Appeals stated in Camp, inmates "need only exhaust such administrative remedies as 'are available,'" 219 F.3d at 281 (quoting 42 U.S.C. § 1997e(a)), and "[a]ffirmative misconduct by prison officials designed to impede or prevent an inmate's attempts to exhaust may render administrative remedies unavailable." Beaton v. Tennis, No. 07-1526, 2010 U.S. Dist. LEXIS 67393, at *11 (M.D. Pa. May 10, 2010).

On review of a motion to dismiss, the Court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. Doing so in this instance, the Court cannot conclude that Defendants' motion to dismiss should be granted on the basis that Plaintiff failed to exhaust his administrative remedies because Plaintiff alleges such affirmative misconduct by prison officials that rendered his administrative remedies "unavailable" – i.e. that prison officials failed to file and/or respond to his grievances and/or appeals.[2] See Camp, 219 F.3d at 290-81 (finding that administrative remedies were unavailable

---

[2] Discovery may reveal that this allegation is untrue and the Court stresses that Defendants are not barred by reasserting this defense in a later filed motion for summary judgment.

where prison officials refused to file plaintiff's grievances regarding their coworkers). As such, Defendants' motion to dismiss will be denied.

**AND NOW** this 4th day of December, 2012;

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 33) is **DENIED**.

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: James E. Clemens
FH 0750
SCI Forest
P.O. Box 945
Marienville, PA 16239
*Via U.S. Postal Mail*

Counsel of Record
*Via Electronic Mail*